UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 06-2353(DSD/JJG)

Enang Jones and
Perpetua Jones,

      Plaintiffs,

v.                                             **ORDER**

Western Union Financial
Services, Inc.,

      Defendant.

    Paschal O. Nwokocha, Esq. 2469 University Avenue West, Suite E150, St. Paul, MN 55114, counsel for plaintiffs.

    Charles F. Webber, Esq., Jana M. Viramontes, Esq. and Faegre & Benson, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402, counsel for defendant.

    This matter is before the court upon defendant's motion for summary judgment. Based upon a review of the file, record and proceedings herein, and for the reasons stated, defendant's motion is granted in part and denied in part.

**BACKGROUND**

    In early February 2006, plaintiffs Enang Jones and Perpetua Jones, husband and wife, contracted with defendant Western Union ("Western Union") to send $7,600 to Nigeria in seven different transactions. Plaintiffs paid $456 in fees and requested that Western Union deliver the money to Arc James Umoeka ("Umoeka") in

Uyo, Nigeria.  Western Union's documents indicate that the money was paid out in Lagos, Nigeria on six occasions and in an unspecified location in Nigeria on the seventh.  Of the six Lagos pay-outs, the recipients used three different identifications, all with the name "Arc James Umoeka" or "James Umoeka," but with different photographs and dates of birth.  No identification was provided at the unspecified location.  Plaintiffs claim that Umoeka never received the money.

On May 12, 2006, plaintiffs filed a complaint in state court seeking more than $150,000 in damages for breach of contract, negligence and negligent infliction of emotional distress.  On June 9, 2006, Western Union removed the case to federal court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332, and on June 15, 2007, Western Union moved for summary judgment on all counts.

**DISCUSSION**

**I.   Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A fact is material only when its

resolution affects the outcome of the case. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. <u>See</u> <u>id.</u> at 252.

On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party. <u>See</u> <u>id.</u> at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. <u>See</u> <u>Celotex</u>, 477 U.S. at 324. Moreover, if a plaintiff cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. <u>Id.</u>

## II.  Negligence Claims

Western Union argues that plaintiffs' two negligence claims fail because they arise solely from Western Union's alleged breach of contract. In Minnesota, "a party is not entitled to recover tort damages for a breach of contract, absent an 'exceptional case' where the breach of contract constitutes or is accompanied by an independent tort." <u>Cherne Contracting Corp. v. Wausau Ins. Co.</u>, 572 N.W.2d 339, 343 (Minn. Ct. App. 1991) (quoting <u>Wild v. Rarig</u>, 234 N.W.2d 775, 779-80 (Minn. 1975)). A tort is independent from a breach of contract if "a relationship would exist which would give rise to the legal duty without enforcement of the contract

3

promise itself." Hanks v. Hubbard Broad., Inc., 493 N.W.2d 302, 308 (Minn. Ct. App. 1992). Specifically, the issue is "whether there is a breach of duty which is distinct from the breach of contract." Id.

In this case, there is no relationship independent of the contracts between plaintiffs and Western Union. Pursuant to these contracts, plaintiffs gave Western Union money that it agreed to deliver to an individual in Nigeria. Plaintiffs allege that Western Union was negligent by failing to deliver the money to the correct person. In other words, plaintiffs allege a breach of duty identical to the breach of contract. Accordingly, plaintiffs' negligence and negligent infliction of emotional distress claims are not independent of the breach of contract claim and summary judgment is warranted on these claims.

**III. Breach of Contract**

Plaintiffs argue that Western Union breached its contract to deliver $7,600 to Umoeka in Uyo, Nigeria. Western Union argues that plaintiffs have not produced admissible evidence creating a genuine issue of fact as to whether Western Union failed to deliver the money to Umoeka.

Plaintiffs argue that Umoeka, his wife and plaintiffs will testify at trial that Umoeka never received the funds. The only evidence in the record to support such testimony, however, is an affidavit of Enang Jones stating that Umoeka never received the

4

money.  Federal Rule of Civil Procedure 56(e) states that affidavits considered on a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Here, the material terms of Jones's affidavit are not supported by personal knowledge.  Specifically, the affidavit does not affirmatively demonstrate Jones's personal knowledge that Western Union did not pay Umoeka.  Even if Umoeka told Jones that he did not receive the money, the affidavit would be based on inadmissible hearsay and cannot be considered by the court.  See Brooks v. Tri-Systems, Inc., 425 F.3d 1109, 1111 (8th Cir. 2005).  Therefore, Jones's affidavit does not create a genuine issue of material fact.[1]

Plaintiffs further argue that Western Union's documents - which indicate that at least six of the payments were not made in Uyo, Nigeria and that these payments were made to individuals with different identifications - create a genuine issue of material fact as to whether Western Union breached the contract.  Although plaintiffs have not brought forth direct evidence that Western

---

[1] In their complaint, plaintiffs attached a document purportedly from Umoeka attesting, among other things, that he did not collect the money from Western Union.  The court, however, will not consider the document because it is not an affidavit and does not comply with the requirements of an unsworn declaration under 28 U.S.C. § 1746.

5

Union violated the contract, circumstantial evidence is sufficient in civil cases so long as the "evidence sustaining the hypothesis contended for ... preponderate[s] as against the others." Hagsten v. Simberg, 44 N.W.2d 611, 613 (Minn. 1950) (citations and quotations omitted). This does not require that the evidence "exclude [alternative hypotheses] in the sense of conclusive demonstration of impossibility." Id. Here, there is no evidence in the record suggesting that Umoeka received the money.[2] On the other hand, Western Union's documents indicate that the money was delivered in a city other than the one contracted for and to several different individuals, thus suggesting that Umoeka did not receive the money. Accordingly, the court determines that Western Union's documents support a reasonable inference that Western Union violated the contract by not delivering the money to Umoeka in Uyo, Nigeria and summary judgment on plaintiffs' breach of contract claim is not warranted.

**IV. Damages**

Plaintiffs argue that they are entitled to seek contractual damages that include the $7,600 paid to Western Union, the $456 in fees and $500 for each of the seven transactions. Western Union responds that damages are limited to $8,056 under the Minnesota

---

[2] Western Union's documents show that it delivered the money to individuals with identifications indicating they were Umoeka. Because three different identifications were used, however, the documents do not support an inference that Umoeka himself received the money.

6

Money Transmitters Act ("Money Transmitters Act"), or in the alternative, that damages are limited under the contract to $8,056 and one $500 charge.

Issues of contract and statutory interpretation are questions of law for the court to resolve. See, e.g., Travertine Corp. v. Lexington-Silverwood, Ltd. P'ship, 683 N.W.2d 267, 271 (Minn. 2004); State v. Stevenson, 656 N.W.2d 235, 238 (Minn. 2003). The contract between plaintiffs and Western Union provides that "in no event shall Western Union be liable for damages beyond the sum of $500 (in addition to refunding the transaction amount and the transfer fee)." The Money Transmitters Act provides that "[a] licensee's responsibility to any person for a money transmission conducted on that person's behalf by the licensee ... is limited to the amount of money tendered or the face amount of the payment instrument purchased." Minn. Stat. § 53B.22. Western Union is a licensee under the Act. See Minn Stat. § 53B.03. In Minnesota "[i]t is well established that contract provisions which conflict with statutory law ... will not be enforced." AMCO Ins. Co. v. Lang, 420 N.W.2d 895, 900 (Minn. 1988) (citing Wm. Lindeke Land Co. v. Kalman, 252 N.W.2d 650, 652 (1934)). Because the contract provides for the availability of damages in excess of the Money Transmitters Act, the contract and the statute conflict and the statute governs. Therefore, any potential damages would be limited

under the Money Transmitters Act to $8,056, the amount of money plaintiffs tendered to Western Union.

### CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that defendant's motion for summary judgment [Doc. No. 12] is granted in part and denied in part.

Dated:  October 3, 2007

s/David S. Doty  
David S. Doty, Judge  
United States District Court